UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WENDELL L. CRUSE,                  Case No. 1:10-cv-587
    Plaintiff                              Weber, J.
                                       Litkovitz, M.J.

vs

DENNIS GIBSON, et al.,               **ORDER AND REPORT**
    Defendants                      **AND RECOMMENDATION**

This matter is before the Court on defendant Russell Bennett's motion for a protective order (Doc. 46); defendant Bennett's motion to dismiss the complaint against him pursuant to Fed. R. Civ. P. 4 and 12(b)(2), (4) and (5) based on insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction (Doc. 47); plaintiff's memorandum in opposition to defendant's motions (Doc. 49); and defendant's replies in support of his motions. (Docs. 50, 51).

**I. Procedural Background**

Plaintiff instituted this action by filing a motion for leave to proceed *in forma pauperis* on August 27, 2010. (Doc. 1). On September 3, 2010, the Court granted the motion and plaintiff filed his complaint against defendants Bennett and Dennis Gibson. (Doc. 3). Plaintiff was order to submit a summons form for each defendant so that service of process could be made. (Doc. 4). Plaintiff filed an amended complaint and submitted summonses and United States Marshal forms on September 29, 2010. (Doc. 6; 9/29/10 Docket Entry). On September 30, 2010, the Court ordered the United States Marshal to serve defendants (Doc.

7), but the summons issued for defendant Bennett was returned unexecuted on March 9, 2011. (Doc. 21). On March 24, 2011, plaintiff filed a "Request for Service" asking that the Court issue an Order directing the United States Marshal to complete service on defendant Bennett. (Doc. 22). Because plaintiff had failed to provide a new address for defendant with his Request for Service, the Court issued an Order dated May 11, 2011, denying plaintiff's request subject to reconsideration upon his submission of defendant Bennett's new address. (Doc. 23). The Court stated it would direct the United States Marshal to re-serve defendant Bennett once plaintiff provided a copy of the summons form and United States Marshal form with the new address. (*Id.*).

Plaintiff provided a summons form and a United States Marshal form with defendant Bennett's new address on May 20, 2011. (5/20/11 Docket Entry). On August 30, 2011, the Court directed the United States Marshal to serve a copy of the amended complaint and summons on defendant Bennett as directed by plaintiff. (Doc. 26). An alias summons was issued as to defendant that same date (Doc. 27), and the summons was returned executed on November 10, 2011. (Doc. 40). Defendant Bennett filed an answer to the amended complaint on November 17, 2011. (Doc. 42). Defendant raised as defenses insufficiency of service, insufficiency of service of process, and lack of personal jurisdiction. (*Id.* at ¶¶ 38, 39).

**II. Motion to Dismiss**

Defendant Bennett moves to dismiss the complaint against him pursuant to Fed. R.

Civ. P. 4(m). Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Defendant contends that the complaint must be dismissed because service was not effected until October 29, 2011, well over 120 days after plaintiff filed the amended complaint and the motion to proceed *in forma pauperis*. Defendant asserts that plaintiff cannot show good cause for failure to timely effect service on him.

Defendant claims that in addition to failing to timely effect service of process, service was defective because: (1) plaintiff provided only one summons form to the United States Marshal despite suing Bennett in both his individual and official capacities; and (2) plaintiff has not shown that he served the office of the Chief of Police for Chesapeake, Ohio, as required under Fed. R. Civ. P. 4(j)(2), which sets forth the requirements for serving a state or local government.

Based on these alleged deficiencies in process, defendant moves for dismissal of the complaint against him without prejudice for lack of personal jurisdiction. In the alternative, defendant asks that the Court amend its calendar order to allow him an opportunity to prepare a defense.

In response to defendant's motion to dismiss, plaintiff denies that he has been negligent in attempting to effect service on defendant Bennett. Plaintiff contends that he sent summonses for both defendants originally to the Chesapeake Police Department, but whereas

the summons for defendant Gibson was returned executed on December 22, 2010, the summons for Bennett was not returned unexecuted until nearly three months later on March 9, 2011. Plaintiff notes that soon thereafter, on March 24, 2011, he filed a new request for service. Plaintiff claims that by issuing its Order on May 11, 2011, directing the United States Marshal to re-serve defendant Bennett (Doc. 23), the Court effectively extended the time for service for an appropriate period. Plaintiff further asserts that he contacted the Clerk's office on two occasions to inquire about service issues, including approximately 90 days after he re-mailed a United States Marshal form to the Clerk's office in May 2011. (Doc. 49 at 3). Plaintiff contends that because he has not been negligent in effecting service, the motion to dismiss should be denied.

Absent waiver, Fed. R. Civ. P. 4 requires personal service of a summons and a copy of the complaint upon each individual defendant. "Without such personal service, a district court is without jurisdiction to render judgment against the defendant." *The Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir. 1988). *See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant."). Thus, "the requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)).

Fed. R. Civ. P. Rule 4(m) requires completion of service of process within 120 days after the complaint is filed. The action "must" be dismissed unless the "plaintiff shows good cause" for failure to meet the 120-day deadline. The plaintiff "bears the burden of perfecting

4

service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Gov.*, 18 F. App'x 285, 287 (6th Cir. 2001). The plaintiff also bears the burden of establishing good cause and showing in response to a motion to dismiss "why service was not made within the time constraints." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Rule 4 is construed more leniently where the plaintiff is proceeding pro se. *Id.* at 522 (citing *Habib*, 15 F.3d at 74). Whether a plaintiff has established good cause for failure to timely serve a defendant is a matter within the Court's discretion. *Friedman*, 929 F.2d at 1157.

Although service was not made on defendant Bennett within 120 days of the filing of the complaint, plaintiff has shown good cause for the failure to timely effect service on Bennett. The record shows that plaintiff timely complied with the Court's order to submit a summons form and a United States Marshal form for each defendant. (Doc. 4; 9/29/10 Docket Entry). The summons for Bennett was returned unexecuted approximately five months later on March 9, 2011. (Doc. 21). At that time, plaintiff promptly sought the Court's assistance and took action to effect service by filing a "Request for Service" on March 24, 2011. (Doc. 22). The Court extended the time for plaintiff to effect service on Bennett by issuing an Order dated May 11, 2011, stating that it would direct the United States Marshal to re-serve defendant Bennett once plaintiff provided a summons form and a United States Marshal form with Bennett's new address. (Doc. 23). Only nine days later, on May 20, 2011, plaintiff submitted a prepared summons and a United States Marshal form with a new address to the Court. (5/20/11 Docket Entry). Although the summons was not issued as to Bennett until August 30, 2011 (Doc. 26), the delay was not attributable to plaintiff. The summons was

return executed on November 10, 2011 (Doc. 40), and Bennett timely filed his answer to the amended complaint. (Doc. 42).

Thus, the record demonstrates that plaintiff diligently sought to effect service. The long delay in serving Bennett was not attributable to plaintiff's inattentiveness or inaction. To the contrary, plaintiff promptly responded to Court orders pertaining to service issues and states that he made inquiries in an effort to resolve such issues. (Doc. 49 at 3). Accordingly, a finding that plaintiff has established good cause for his failure to serve defendant Bennett within 120 days of filing the complaint is warranted.

Defendant's arguments for why process was deficient as to defendant Bennett are not well-taken. First, defendant's reliance on the district court's decision in *King v. Taylor,* 803 F.Supp.2d 659 ( E.D. Ky. 2011), for the proposition that a plaintiff who sues a defendant in both his individual and official capacities must serve two summonses is misplaced. (Doc. 47 at 7-8). The Court in *King* determined that service was defective there not because the plaintiff had served only one summons, but because the plaintiff failed to serve the defendant using one of the following methods authorized under Kentucky law: (1) delivering a copy of the summons and complaint to the individual defendant personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *Id.* at 667-68. Instead, the plaintiff had sent the summons to the defendant in care of an attorney employed by the Department of State Police, who was not an authorized agent to receive service of process; the green signature card that was returned to the Court was signed by an individual with no known connection to the

lawsuit; no executed summons was returned to the Court and there was otherwise no proof of service in the record; and there was no agreement for anyone to accept service on the defendant's behalf. *Id*. at 668. For these reasons, the Court found that service of process on the defendant was "unquestionably defective." *Id*. The Court stated that even if service on the State Police was sufficient to effect service on the defendant in his official capacity, it was not sufficient to bring the defendant before the Court in his individual capacity. *Id*. However, nothing in the Court's analysis suggests that where a plaintiff sues a defendant in both his individual and his official capacities, the plaintiff's failure to provide two summonses renders service of process defective.

Nor, contrary to defendant's argument, does plaintiff's failure to serve two summonses fail to provide defendant adequate notice as to whether he must respond to this lawsuit in his individual or official capacity. (Doc. 47 at 9). Defendant was served with a copy of the amended complaint (*see* Docs. 26, 40), in which plaintiff specifically alleges that he is suing both defendants in their individual and official capacities. (Doc. 6 at ¶ 6). Defendant therefore has been given notice of the capacity in which he is being sued.

Finally, defendant Bennett argues that plaintiff was required to serve the office of the Chief of Police for Chesapeake, Ohio, in addition to serving plaintiff himself pursuant to Fed. R. Civ. P. 4(j)(2), which sets forth the method for serving a foreign, state or local government. (Doc. 47 at 10). However, defendant cites no authority to show that a plaintiff who sues an individual in both his individual and official capacities must effect service on the governmental entity in addition to serving the individual himself.

For these reasons, a finding that plaintiff has shown good cause for the failure to effect

service of process on Bennett within 120 days of the filing of the complaint is warranted. The record shows that service of process as to defendant Bennett was not defective. Accordingly, defendant Bennett's motion to dismiss should be denied.

### III. Motion for Protective Order

Defendant Bennett moves for a protective order by the Court directing that he is not required to respond to interrogatories and requests for admissions that plaintiff served on him on December 2, 2011. (Doc. 46). Defendant contends that the discovery requests are untimely as they were propounded past the discovery cutoff date of October 1, 2011. In the event the Court rules plaintiff is entitled to seek discovery from him, defendant requests that the Court enter an amended calendar order establishing new deadlines for the completion of discovery and the filing of dispositive motions, as well as new pretrial and trial dates.

Although the discovery deadline expired on October 1, 2011 (Doc. 28), plaintiff was unable to obtain discovery from defendant Bennett prior to the deadline as the summons for him was not returned executed until November 10, 2011. (Doc. 40). Accordingly, plaintiff is entitled to an extension of the discovery deadline in order to seek discovery from defendant Bennett. The dispositive motion deadline will also be extended to allow defendant Bennett an opportunity to file a dispositive motion prior to the trial date.

### IT IS THEREFORE ORDERED THAT:

Defendant Bennett's motion for a protective order (Doc. 46) is **DENIED**. The discovery deadline is extended to July 5, 2012, and the dispositive motion deadline is extended to August 6, 2012, as to defendant Bennett only. Trial is rescheduled to the

November 2012 trial term. The parties shall file their Joint Final Pretrial Order on or before October 5, 2012.

### IT IS THEREFORE RECOMMENDED THAT:

Defendant Bennett's motion to dismiss (Doc. 47) be **DENIED**.

Date: 4/5/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WENDELL L. CRUSE,　　　　　　　　　Case No. 1:10-cv-587
　　　　Plaintiff　　　　　　　　　　　　　　Weber, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

vs

DENNIS GIBSON, et al.,
　　　　Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Wendell L. Cruse<br>2037 8th Ave.<br>Huntington, WV 25701 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4699 |

PS Form 3811, February 2004    Domestic Return Receipt